In re Julius H. BRAVERMAN, Debtor.

Julius H. BRAVERMAN,
Movant/Debtor,

v.

PROVIDENT BANK and Star Bank and Information Leasing Corporation, Respondents.

Bankruptcy No. 1–92–02920.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 13, 1993.

James A. Staley, Milford, OH, for debtor.

E. Hanlin Bavely, Cincinnati, OH, trustee.

Donald J. Rafferty, Cincinnati, OH, for Provident Bank.

Stephen J. Schuh, Cincinnati, OH, for Star Bank.

James A. Katsanis, Cincinnati, OH, for Information Leasing.

## DECISION

BURTON PERLMAN, Chief Judge.

Debtor filed for relief under Chapter 7 of the Bankruptcy Code. The matter before the court is a motion by debtor Julius H. Braverman ("debtor") to avoid judicial liens which debtor asserts impair his right to a homestead exemption under Ohio law. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. §§ 157(b)(2)(A) and (K).

Those creditors whose judicial liens are the subject of the present motion are Provident Bank, Star Bank and Information Leasing Corporation. At the hearing, debtor acknowledged that the lien asserted by another lienor, Twin Lake Condominium Unit Owners' Association, Inc., was consensual, and therefore withdrew his motion to avoid that particular lien. For the same reason, debtor also withdrew his motion as to a second mortgage held by Star Bank on the residential property in the amount of $9,477.00.

The central question before us is whether debtor may avoid the judicial liens asserted against his property. This determination requires an inquiry into the relationship between lien avoidance law under the Bankruptcy Code and Ohio exemption law. Section 522(f)(1) of the Code grants debtors the following avoidance power:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien; ...

Section 522(b) sets forth the provisions governing exempt property in bankruptcy cases. This section provides, in part:

> Such property is—
> (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing

of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; ...

Pursuant to § 522(b), a debtor may choose between state exemptions and federal exemptions provided in § 522(d) of the Code. Section 522(b)(1), however, authorizes states to "opt out" of the federal exemptions and allow their citizens to use only state exemptions. Ohio has "opted out" of the federal exemption scheme and has restricted its residents to those exemptions provided under Ohio Revised Code ("ORC"). Section 2329.66(A)(1) provides:

> Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Debtor asserts that he is entitled to an exemption in his residential property pursuant to ORC § 2329.66(A)(1), and that Code section 522(f)(1) grants him the authority to avoid the judicial liens herein because those liens impair his exemption.

Respondents argue, to the contrary, that *In re Dixon*, 885 F.2d 327 (6th Cir.1989), in the circumstances present here bars debtor from avoidance of their liens. In *Dixon*, the Sixth Circuit Court of Appeals held, applying Ohio exemption law relating to residential property, that an initiative to avoid a judicial lien was not timely until there was a forced judicial sale. In the absence of a forced judicial sale, holds *Dixon*, it is premature to seek avoidance of judicial liens on property.

Debtor, on the other hand, contends that the U.S. Supreme Court case of *Owen v. Owen*, — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), overrules *Dixon*. Debtor contends that *Owen* requires that state exemptions, once enacted, must be given full effect and may not be unduly restrict-ed by state law. Debtor argues that the holding of *Dixon* represents such an undue restriction of Ohio exemption law, and should now be deemed overruled by *Owen*.

We have carefully reviewed the *Owen* case. In *Owen*, the Court considered whether the avoidance of judicial liens pursuant to § 522(f) of the Code "can operate when the State has defined the exempt property in such a way as specifically to exclude property encumbered by judicial liens." *Owen*, — U.S. at —, 111 S.Ct. at 1834. In *Owen*, the debtor's former wife obtained a judgment against the debtor in Sarasota County, Florida. While the debtor owned no property in Sarasota County when the judgment was obtained, under Florida law the judgment would attach to after-acquired property recorded in that county. The debtor thereafter acquired a condominium and the former wife's judgment lien became a lien thereon. At the time the lien attached to the condominium, Florida, an opt-out state requiring its residents who filed bankruptcy to use its statutory exemptions, did not recognize condominiums as homesteads. Florida subsequently amended its exemption statute so that condominiums could be the subject of homestead exemptions. The debtor then filed bankruptcy, claimed a homestead exemption in his condominium, and sought to avoid his former wife's judgment lien which had attached to his condominium. Upon objection by the debtor's former wife, the bankruptcy court refused to avoid the lien. The District Court affirmed, holding that since the lien had attached before the condominium qualified for the homestead exemption, Florida law did not permit exemption of the condominium from the lien. *Owen v. Owen*, 86 B.R. 691 (M.D.Fla.1988). The Eleventh Circuit affirmed the lower courts. 877 F.2d 44 (11th Cir.1989).

Reversing the lower courts, the Supreme Court held that judicial liens may be avoided under § 522(f) even if a particular state defines exempt property as expressly excluding judicial liens. *Owen*, — U.S. at —, 111 S.Ct. at 1838. The Court found that such a definition of exempt property provided an impermissible "built-in limita-

tion" on state exemptions "in light of the equivalency of treatment accorded to federal and state exemptions by § 522(f)." *Id.* The *Owen* Court also held that under either state or federal exemptions, the proper standard for lien avoidance under § 522(f) is to determine whether the debtor is entitled to the exemption if the judicial lien on the property is disregarded. *Id.* —— U.S. at ——, 111 S.Ct. at 1836–38.[1]

This brings us back to the proposition urged by debtor, that *Owen* overrules *Dixon.* Certain it is that both *Dixon* and *Owen* deal with the question of avoidability of judicial liens. It is further certain that in *Dixon* avoidance was not permitted, while in *Owen*, the Supreme Court held that they might be avoided. After accepting these certainties, though, certain further observations ought to be made. For one, it is clear that *Owen* does not hold across the board that there can be no limits by states on lien avoidance where there is impairment of exemption. There is an express disclaimer by the Court to this effect. It says:

> Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all.

*Owen*, —— U.S. at ——, 111 S.Ct. at 1835. Indeed, the result of the decision is not a holding that the lien is to be avoided, but rather a remand to the courts below in order to determine whether the lien in question fixed "on an interest of the debtor," as well as the question "of whether the Florida statute extending the homestead exemption [to condominium owners] was a taking." *Id.* —— U.S. at ——, 111 S.Ct. at 1838. Our task is to determine the boundary on state action regarding exemptions that *Owen* delineates, and whether that boundary includes or excludes the limitation of the Ohio statute implemented by the *Dixon* court.

■ From the language of the Ohio statute itself, it is clear that it was the intention of the Ohio legislature that while a homestead exemption for Ohio debtors is recognized, it is not available until there is a forced judicial sale of the property. *See Dixon*, 885 F.2d at 330. Indeed, in the scheme of things outside bankruptcy, it is difficult to imagine when a debtor would be seeking to assert his homestead exemption unless there were such a sale. Debtor is here asserting that in a bankruptcy context the exemption is available to him without a sale, and he can avoid a judicial lien because his exemption is impaired by the lien. But it is just here that there is a fundamental difference between the question before the court in *Owen* and the question before the court in *Dixon*.

■ In *Owen*, there was no question that the debtor was entitled at the time of the bankruptcy filing to an exemption in his condominium. The question before the court was whether that exemption was impaired. In *Dixon*, while debtor might in the event of a judicial sale be entitled to an exemption, there was no such sale at the time in question, and consequently under Ohio law no right to an exemption. If debtor could not claim an exemption at that time, he could make no claim that his exemption was impaired. This difference depicts entirely different questions, and we therefore conclude that the *Owen* decision and the *Dixon* decision are not inconsistent, so that *Dixon* is not overruled by *Owen*, and binds this court. *Accord In re Bursee*, 142 B.R. 167, 169 (Bankr.N.D.Ohio 1992).

---

1. For example, assume that the debtor's residential property is worth $10,000, that he is entitled to a $7,500 residential exemption, and that this property is subject to a $9,000 judicial lien. Under the Florida exemption law which *Owen* effectively overruled, this debtor would not be entitled to the full residential exemption of $7,500. The debtor would only be allowed to claim an exemption of $1,000, the value of the property not subject to the judicial lien. *Owen*, —— U.S. at ——, 111 S.Ct. at 1836. Under the ruling of *Owen*, the $9,000 judicial lien is to be disregarded in making the determination of entitlement to lien avoidance. In the example given, the debtor would be entitled to his full exemption and the lien would be avoided except for $2,500.

Further, this court finds the policy embodied in the Ohio statute to be sound in a bankruptcy context. The difference between the views of the parties here is that debtor seeks to retain his real property interest free of impairing lien claims, while the view of respondents is that as long as the debtor retains the property there is no reason to displace their judicial liens. If the liens are removed, the lien creditors are deprived of the opportunity to realize on their claims when, down the road, debtor sells the property perhaps at a substantially increased value. From the debtor's point of view, if the lien is not removed, his jeopardy is that there may be a movement to foreclose on the lien. This, of course, would activate the right of the debtor to claim his exemption. To alter this scheme by permitting a debtor to blow off judicial liens while retaining possession of the property creates the real possibility of an unfair windfall down the line for the debtor. Indeed, one can easily imagine a debtor filing a bankruptcy case for the purpose of avoiding judicial liens and then dismissing the case after that was accomplished.

In light of the foregoing considerations, we deny debtor's motion to avoid the judicial liens of respondents. We note that earlier in this matter Star Bank had not opposed debtor's motion, but subsequently we granted leave to it to change its position and oppose the motion. Our holding therefore extends not only to the judicial lien of Provident Bank, but also to that of Star Bank, as well as that of Information Leasing Corporation.