In re Ethelrine MORELAND, Debtor.

RESOLUTION TRUST CORPORATION,
Plaintiff–Appellant,

v.

Ethelrine MORELAND, Defendant–
Appellee.

No. 92–4258.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 18, 1993.

Decided April 6, 1994.

Stephen A. Santangelo, Weltman, Weinberg & Associates, Columbus, OH, and Michael S. Tucker (argued and briefed), Weltman, Weinberg & Associates, Cleveland, OH, for plaintiff-appellant.

Scott G. Stout (argued and briefed), Hyatt Legal Services, Dayton, OH, for defendant-appellee.

Before: JONES and SILER, Circuit Judges; and BERTELSMAN, Chief District Judge.*

SILER, Circuit Judge.

Appellant Resolution Trust Corporation ("RTC") appeals the district court's decision affirming the bankruptcy court's decision granting Appellee–Debtor Ethelrine Moreland's motion to avoid a judicial lien. The RTC claims that: (1) the district court improperly based its decision on issues raised by neither the parties' briefs nor the bankruptcy court; and (2) the district court should have reversed the decision of the bankruptcy court and denied Moreland's motion.

For the reasons stated below, we reverse the decision of the district court.

## I.

This case arises from the circumstances surrounding Moreland's Chapter 13 bankruptcy proceedings. Her bankruptcy petition under Chapter 13 of the Bankruptcy Code included a claim, under Ohio law, O.R.C. § 2329.66(A)(1), for a $5,000.00 homestead exemption on her real estate, which had a fair market value of $22,000 as of the date of filing. There was a first mortgage on the property of $15,830.87 and a second mortgage with a balance of $2,126.78. RTC had a judgment lien on Moreland's property with a balance due of $2,811.91. At no time did the RTC file any objection to Moreland's claimed homestead exemption.

Moreland subsequently filed, pursuant to 11 U.S.C. § 522(f)(1), a motion to avoid the RTC's judgment lien on the grounds that it impaired the homestead exemption to which she claims she was entitled under 11 U.S.C. § 522(b) and O.R.C. § 2329.66(A)(1). The Ohio homestead exemption, O.R.C. § 2329.66(A)(1), provides:

> Every person who is domiciled in this state may hold property exempt from *execution, garnishment, attachment, or sale to satisfy a judgment or order,* as follows:
>
> > (1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

(Emphasis added). In *Ford Motor Credit Corp. v. Dixon (In re Dixon),* 885 F.2d 327, 330 (6th Cir.1989), this court held that, under Ohio law, this provision effectively precludes a debtor from asserting his homestead exemption and avoiding a judgment lien until a judicial sale or other form of involuntary execution is pending. Based on our decision in *Dixon,* the RTC, in opposition to Moreland's motion, argued that the Ohio homestead exemption may be asserted only upon sale of the subject real property, and, because no sale of Moreland's property was pending, there was no exemption to be impaired by the lien.

The bankruptcy court granted Moreland's motion to avoid the RTC's judicial lien. *In re Moreland,* 142 B.R. 221, 229 (Bankr. S.D.Ohio 1992). Rejecting the RTC's contentions, the court determined that, in light of the Supreme Court's decision in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), *Dixon* no longer controlled the resolution of Moreland's exemption and lien avoidance rights. *In re Moreland,* 142 B.R. at 228. Interpreting the federal lien avoidance provision, 11 U.S.C. § 522(f), the Court in *Owen* held that a judicial lien may be avoided pursuant to this provision, even if a particular state has defined and limited exempt property in a manner that excludes the property from lien avoidance. 500 U.S. at 313–14, 111 S.Ct. at 1838. The bankruptcy court found that the

---

* The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

*Dixon* court's interpretation of the Ohio homestead exemption created an impermissible built-in limitation on Moreland's ability under section 522(f) to avoid the RTC's lien and, therefore, rejected the *Dixon* decision's reading of O.R.C. § 2329.66(A)(1). *In re Moreland,* 142 B.R. at 228. The bankruptcy court went on to determine that the "execution" requirement of the Ohio homestead exemption was met by the execution upon all of the debtor's property that occurs upon the filing of a bankruptcy petition, *id.,* and found that the RTC's judicial lien impaired Moreland's homestead exemption. *Id.* at 229.

The district court affirmed the decision of the bankruptcy court by an unpublished decision. However, it did not affirm on the grounds set out in the decision of the bankruptcy court. Instead, the district court determined that the RTC waived any objection it might have had to Moreland's claimed homestead exemption by failing to object to the claimed homestead exemption within thirty days after the conclusion of the meeting of creditors. *See* Bankr.R. 4003(b). At no point during the bankruptcy court or district court proceedings did either party raise this issue; nor was the issue discussed by the bankruptcy court. Nevertheless, the district court determined that, because the RTC waived its objection, Moreland's claimed $5,000 homestead exemption was, in fact, exempted from the bankruptcy estate, regardless of when state law would have permitted Moreland to claim the exemption.

## II.

■ In the bankruptcy context, the district court acts as a reviewing court, and this court, in turn, reviews the district court's review of the bankruptcy court's decision. 28 U.S.C. § 158. On appeal, we will review the district court's conclusions of law de novo. *In re Batie,* 995 F.2d 85, 88 (6th Cir.1993). The bankruptcy court makes the initial findings of fact, and both the district court and this court are bound by those findings unless they are clearly erroneous. *Id.*

The RTC argues that the district court acted improperly in affirming the bankruptcy court's decision on the basis of a legal theory

that was neither raised nor inferred in the parties' briefs or at any time during the proceeding below. Additionally, the RTC contends that the district court erred in determining that the RTC was required to object to Moreland's claimed homestead exemption.

■ Because this circuit recognizes that a federal appellate court can affirm a lower court's decision for any reason, *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214 (6th Cir.1985), it was not, in itself, error for the district court to affirm on an issue not raised or considered below. Nevertheless, we find the district court's legal conclusions erroneous. The RTC had no basis for objecting to Moreland's claimed homestead exemption. As discussed below, under Ohio law, Moreland was entitled to claim a homestead exemption for $5,000, *see* O.R.C. § 2329.66(A)(1) and 11 U.S.C. § 522(b)(1); the RTC did not and is not presently challenging her right to claim this exemption. Rather, the RTC's argument at the district court and before this court focuses on *when* Moreland can properly exercise her entitlement to her homestead exemption. The objections required by Bankruptcy Rule 4003 are directed at those exemptions that a creditor believes the debtor has no right to claim. In the present case, Moreland was entitled to claim her $5,000 homestead exemption, and the RTC did not waive any rights by not objecting.

## III.

■ The RTC argues that Moreland's motion to avoid the RTC's judgment lien should have been denied because Moreland's claimed homestead exemption is not available to her in the absence of a forced judicial sale or execution. In the RTC's view, because the exemption is, as of yet, unavailable, there is no exemption which Moreland can assert that is impaired by the RTC's lien. This argument requires us to examine the relationship between the federal lien avoidance provision, 11 U.S.C. § 522(f), and the Ohio homestead exemption, O.R.C. § 2329.66(A)(1).

■ "An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. The Bankruptcy Code provides for lien avoidance in certain circumstances:

> Notwithstanding any waiver or exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien. . . .

11 U.S.C. § 522(f). For the avoidance power to apply, two determinations must be made: first, there must be a recognized exemption; second, the judicial lien must impair the exemption. *See Dixon,* 885 F.2d at 329.

"An exemption is an interest withdrawn from the [bankruptcy] estate (and hence from the creditors) for the benefit of the debtor." *Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. The bankruptcy code sets out the available federal exemptions at 11 U.S.C. § 522(d); however, in creating the federal bankruptcy regime, Congress also gave the states the choice of "opting out" of the federal system of exemptions and replacing the federal exemptions with their own exemptions established under state law. *See* 11 U.S.C. § 522(b)(1) (defining exempt property as that specified in the federal code "unless the State law that is applicable to the debtor . . . specifically does not so authorize"); *Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. Ohio has chosen to create its own set of bankruptcy exemptions. *See* O.R.C. § 2329.-66.

*Dixon,* 885 F.2d 327, involved the very situation presented by the instant case, requiring this court to examine the Ohio homestead exemption in the context of lien avoidance under section 522(f). Ford Motor Credit Corporation held a judgment lien against the Dixons' residential property. 885 F.2d at 328. The Dixons, Ohio residents, sought reorganization under Chapter 13 of the Bankruptcy Code and filed a motion to avoid Ford's judgment lien, claiming that Ford's lien impaired their homestead exemption. *Id.* The bankruptcy court granted the Dixons' motion, concluding that Ford's judgment lien impaired the Dixons' homestead exemption. *Id.* The district court affirmed the decision of the bankruptcy court. *Id.* Specifically, the district court determined that no pending involuntary sale was necessary for the Dixons to avoid Ford's lien. *Id.* On appeal, this court reversed the district court, interpreting the language of the Ohio homestead law to make the exemption available only when some sort of forced judicial sale or execution is pending. 885 F.2d at 330. Therefore, a debtor can "avoid a judicial lien . . . only when the property affected by the exemption is subject to an 'execution, garnishment, attachment, or sale to satisfy a judgment or order.'" *Id.* (quoting O.R.C. § 2329.66(A)(1)).

While acknowledging the *Dixon* decision, Moreland contends that the Supreme Court's decision in *Owen* effectively overrules *Dixon.* Moreland is wrong. *Owen* was decided after our decision in *Dixon* and dealt with the application of Florida's homestead exemption to lien avoidance under section 522(f). Florida, like Ohio, is an opt-out state. Helen Owen obtained, in 1976, a judgment in Sarasota County against Dwight Owen, her former husband. 500 U.S. at 306, 111 S.Ct. at 1834. While Dwight owned no property in Sarasota County at the time of the judgment, Florida law provided that the judgment would attach to subsequently acquired property recorded in that county. *Id.* In 1984, Dwight purchased a condominium in Florida, and, Helen's judgment lien attached to the condominium. 500 U.S. at 308, 111 S.Ct. at 1834–35. At the time of purchase, condominiums did not qualify as homesteads under Florida law. 500 U.S. at 308, 111 S.Ct. at 1835. However, Florida amended its homestead law in 1985 to include condominiums. *Id.* The Florida constitution exempts homestead property from forced sale and provides that no judgment, decree, or execution can attach to homestead property. Fla. Const., art. 10, § 4(a). However, Florida courts have determined that this law is inapplicable to liens that attached before the property

acquired its homestead status. 500 U.S. at 308, 111 S.Ct. at 1835 (citing *Bessemer v. Gersten*, 381 So.2d 1344, 1347 n. 1 (Fla. 1980)).

Subsequently, Dwight filed for bankruptcy, claimed a homestead exemption in his condominium, and sought to avoid Helen's judgment lien. 500 U.S. at 308, 111 S.Ct. at 1835. Dwight claimed the condominium, valued at approximately $135,000, as his primary asset, and his liabilities included $350,000 owed to Helen. *Id.* The bankruptcy court refused Dwight's motion to avoid the lien. *Id.* The district court affirmed, finding that, because the lien attached before the condominium qualified as exempt property, the lien-encumbered property did not constitute exempt property. *In re Owen*, 86 B.R. 691 (M.D.Fla. 1988). The Eleventh Circuit affirmed the district court on the same grounds. *In re Owen*, 877 F.2d 44 (11th Cir.1989).

The Supreme Court reversed the court of appeals. 500 U.S. at 312, 111 S.Ct. at 1838. The Court read the Florida rule denying assertion of a homestead exemption against pre-existing judgment liens as impermissibly limiting a debtor's ability to avoid a lien under section 522(f). *Id.* The lower courts in *Owen* understood the inquiry under this provision to examine whether the lien impaired an exemption to which the debtor was, in fact, entitled. Under this standard, Dwight Owen's claimed exemption failed as Florida law did not entitle him to claim an exemption in his lien-encumbered property. However, the Court found that the question properly posed was whether the lien impaired "an exemption to which [the debtor] would have been entitled *but for the lien itself.*" 500 U.S. at 310–11, 111 S.Ct. at 1836 (emphasis added). The Court observed that this approach was the uniform practice of the bankruptcy courts in applying the federal homestead exemption (section 522(d)(1)), 500 U.S. at 310, 111 S.Ct. at 1836, and, interpreting section 522(f) as requiring an "equivalency of treatment" as to federal and state exemptions, 500 U.S. at 313–14, 111 S.Ct. at 1838, the Court went on to apply this test to

the Florida homestead exemption. The Court concluded that Florida's exclusion of certain liens from the scope of homestead protection was an impermissible limitation of the avoidance power and, therefore, would not operate to exclude a lien existing before the encumbered property attained its homestead status from the Bankruptcy Code's lien avoidance provision.[1] 500 U.S. at 312, 111 S.Ct. at 1838.

*Owen* is not dispositive of the situation presented in *Dixon* and in the present case. Operation of the Florida laws involved in *Owen* would have completely denied the debtor his homestead exemption, thereby eliminating any opportunity for avoiding the judgment lien. In contrast, the result in *Dixon* does not deny a debtor the opportunity to claim his homestead exemption and avoid a creditor's judgment lien; instead, *Dixon* defines the time at which such an exemption is available. Under *Dixon*, when a judicial sale is pending, the debtor can properly avail himself of the Ohio homestead exemption and seek to avoid a judicial lien that impairs that exemption. *See In re Bursee*, 142 B.R. 167, 169 (Bankr.N.D.Ohio 1992). Whereas the lower court decisions in *Owen* denied the debtor's motion to avoid the lien because the courts read Florida law to deny the existence of a claimable exemption, in *Dixon*, there was no question that the debtor was entitled to a homestead exemption.

In *Owen*, the Court read sections 522(f) (lien avoidance) and 522(b) (state and federal exemptions) as requiring an equivalency of the treatment accorded to federal and state exemptions. Such an interpretation reflects a policy against permitting states the ability, through limits and restrictions on exemptions, to completely circumvent federal lien avoidance provisions. *Owen*, 500 U.S. at 312, 111 S.Ct. at 1838. However, *Owen* does not hold that the states may impose *no limits* on lien avoidance in the context of impaired exemptions. *In re Braverman*, 150 B.R. 681, 683 (Bankr.S.D.Ohio 1993). In *Owen*, the Court specifically stated that "[n]othing in

---

1. The Court did not conclude that the debtor's motion to avoid lien should be granted. Instead, the Court remanded to the court of appeals for consideration of the questions of whether or not

the lien fixed on an interest of the debtor and whether the Florida statute extending the homestead exemption was a taking. 500 U.S. at 312, 111 S.Ct. at 1838.

subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all." 500 U.S. at 308, 111 S.Ct. at 1835. Instead, *Owen* establishes an outer boundary defining the extent to which states can limit exemptions in the context of lien avoidance. *In re Braverman,* 150 B.R. at 684.

■ Applying the lien avoidance test enunciated in *Owen* to our interpretation of the Ohio homestead exemption as set out in *Dixon,* it is clear that the RTC's judgment lien on Moreland's homestead property should not have been avoided. But for the RTC's lien, Moreland still would not have been entitled to her claimed homestead exemption as there was no judicial sale or involuntary execution pending. However, this result does not impermissibly limit the avoidance power contained in the Bankruptcy Code because, upon a judicial sale, Moreland's ability to assert her homestead exemption and to seek to avoid the RTC's lien will be unrestricted by our holding in *Dixon.*

For the reasons stated above, we *REVERSE* the decision of the district court and *REMAND* for further proceedings consistent with this opinion.