**In re Buford F. HOUCK, Debtor.**

**Bankruptcy No. C-1-95-323.**

United States District Court,
S.D. Ohio,
Western Division.

March 29, 1996.

Ronald Lance Bradley, Cincinnati, OH, for debtor.

Jennifer M. Blunt, Department of Justice, Tax Division, Washington, DC, James D. Hill, U.S. Atty., IRS, Cincinnati, OH, for Internal Revenue Service.

## ORDER AFFIRMING DISMISSAL OF BANKRUPTCY PETITION

SPIEGEL, Senior District Judge.

This matter is before the Court on Debtor, Buford Houck's appeal of the Bankruptcy Court's dismissal of his Chapter VII petition (doc. 1). Mr. Houck filed a brief in support of his appeal (doc. 3) and the United States responded (doc. 5).

## BACKGROUND

Mr. Houck is an independent insurance agent. At 8:00 a.m. September 2, 1994, the Internal Revenue Service ("IRS") commenced seizure of Mr. Houck's business assets pursuant to a United States District Court Order. At 11:23 a.m., on the same day, Mr. Houck filed a Chapter 7 bankruptcy petition. Pursuant to 11 U.S.C. § 707(a), the Bankruptcy Court dismissed Mr. Houck's petition on a finding of bad faith filing.

## STANDARD OF REVIEW

The district court is bound by the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Moreland,* 21 F.3d 102, 104, *cert. denied,* —— U.S. ——, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994). The district court may reverse a bankruptcy court's dismissal of a petition based upon 11 U.S.C. § 707(a) only for abuse of discretion. *In re Zick,* 931 F.2d 1124 (6th Cir.1991).

## DISCUSSION

Mr. Houck claims two errors on the part of the bankruptcy court. First, Mr. Houck asserts that the bankruptcy court admitted evidence in violation of Rules 402 and 403 of the Federal Rules of Evidence. Second, Mr. Houck claims that the Internal Revenue Service's ("IRS") actions preclude dismissal of his petition under equity power of the bankruptcy court.

Under 11 U.S.C. § 707(a), "[t]he [bankruptcy] court may dismiss a case ... only for cause." Although the bankruptcy code does not expressly indicate a good faith requirement, lack of good faith in filing of a bankruptcy petition is a valid basis of a "for cause" dismissal. *Zick,* 931 F.2d at 1127.

The bankruptcy court dismissed Mr. Houck's petition finding Mr. Houck filed in bad faith. The court found that Mr. Houck filed with the intention to avoid a large single debt for tax liabilities. Further, Mr. Houck conducted his affairs on a cash basis, kept no business records, and held no personal bank accounts.

The determination whether a petition is filed in good faith is factual inquiry which requires a flexible, multiple factor approach. *In re Charfoos,* 979 F.2d 390, 393 (6th Cir.1992). A dismissal for lack of good faith "should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and or sources of income ..., and

*intention to avoid a large single debt* based upon conduct akin to fraud, misconduct or gross negligence." *Zick,* 931 F.2d at 1129 (emphasis added).

 Mr. Houck protests the admission of evidence regarding events occurring outside 1985, the tax year that is the subject of this action. Specifically, Mr. Houck challenges admission of testimony by an IRS Agent regarding his transfer of property in 1984 and his failure to file tax returns in the ten years since 1985. These facts are quite relevant despite Mr. Houck's protestations to the contrary. Mr. Houck's pattern of behavior in trying to avoid tax liability is certainly relevant to the issue of good faith. *See* Rule 404(b) FED.R.EVID. This is especially so given the fact that Mr. Houck has filed three previous bankruptcy petitions where the only major debt to be. discharged was his tax liabilities. Accordingly, we find no error in admission of the IRS Agent's testimony.

Mr. Houck also claims that the IRS cannot utilize the bankruptcy court's equitable powers because the IRS came to court with "unclean hands." Mr. Houck asserts two actions on the part of the IRS which constitute bad faith: (1) deficient notice of 1985 collection proceedings, (2) violation of bankruptcy stay by seizing assets after notice of filing.

The defense of "unclean hands" does not provide Mr. Houck relief in this situation. First, it appears that Mr. Houck denied that notification was deficient as to the 1985 proceedings in the hearing before the bankruptcy court. (Transcript, October 28, 1994, p. 28–29). Furthermore, clearly the IRS did not knowingly violate the automatic stay since Mr. Houck only filed his petition after the IRS seized his property.

Second, even if there was evidence that IRS acted improperly, the "unclean hands" defense is inapplicable. The "unclean hands" principle is designed to withhold equitable relief from one who has acted improperly. *Shondel v. McDermott,* 775 F.2d 859, 868 (7th Cir.1985). The "unclean hands" defense applies only to conduct immediately related to the cause in controversy. *CIBA–GEIGY Corp. v. Bolar Pharmaceutical Co.,*

747 F.2d 844, 855 (3d. Cir.) *cert. denied,* 465 U.S. 1080, 104 S.Ct. 1444, 79 L.Ed.2d 763 (1984). In this situation, it is Mr. Houck, not the IRS, who sought the equitable relief of the bankruptcy court. In addition, the IRS' actions do not relate to the subject matter of the claim—*i.e.* the bankruptcy filing and dismissal. Finally, the unclean hands defense may not be asserted against sovereigns who act to protect the public welfare. *United States v. Iron Mountain Mines, Inc.,* 812 F.Supp. 1528, 1546 (E.D.Cal.1992). Accordingly, Mr. Houck's appeal to the rules of equity is of no avail.

## CONCLUSION

Accordingly, the Court hereby AFFIRMS the judgment of the bankruptcy court and DISMISSES this case.

SO ORDERED.