## In re Brian Joseph JAKUBOWSKI, Debtor.

Bankruptcy No. 95–30099.

United States Bankruptcy Court, N.D. Ohio, Western Division.

May 17, 1996.

Louis J. Yoppolo, Trustee, Toledo, OH.

Gary E. Miesle, Toledo, OH, for Debtor.

Thomas J. Kelley, Toldeo, OH, for Creditor.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Creditor's Objection to Debtor's Motion to Avoid Lien of Society National Bank (hereafter "Society"). This Court has reviewed the arguments of counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Debtor's Motion to Avoid Lien shall be granted, and the judicial lien of Society National Bank shall be avoided in full.

### FACTS

On January 13, 1995, Debtor filed a Chapter 13 petition. At that time, there was a pending foreclosure upon the Debtor's residence by Leader Mortgage. The residence was encumbered by Leader's first mortgage in the amount of approximately Fifty-one Thousand Seven Hundred Forty-six and 67/100 Dollars ($51,746.67), as well as a second non-avoidable lien of City Loan in the amount of Seven Thousand Two Hundred Twenty-eight and 90/100 Dollars ($7,228.90). Society also had an involuntary judicial lien on the property in the amount of Eight Thousand Thirty-three and 33/100 Dollars ($8,033.33). On or about September 8, 1995, the Debtor converted his Chapter 13 case to a case under Chapter 7. Debtor has also reaffirmed on the liens of Leader Mortgage and City Loan.

Debtor now claims an exemption in the property in the amount of Five Thousand Dollars ($5,000) pursuant to the homestead exemption found in Ohio Revised Code § 2329.66(A)(1)(b). Accordingly, Debtor has filed the present Motion to Avoid Lien of Society. Society objects on the basis that there is not a present foreclosure pending. The parties have stipulated that the value of the property is Forty-nine Thousand Dollars ($49,000).

### LAW

The Bankruptcy Code, as amended by the Bankruptcy Reform Act of 1994, provides in pertinent part:

**11 U.S.C. § 522. Exemptions**

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien . . .

(2)(A) For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

The Ohio Revised Code provides in pertinent part:

**§ 2329.66 Exempted interests and rights.**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1)(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

(17) The person's interest, not to exceed four hundred dollars, in any property, except that this division applies only in bankruptcy proceedings.

## DISCUSSION

Because matters arising under the Bankruptcy Code, 11 U.S.C. § 101 et seq., are core proceedings pursuant to 28 U.S.C. § 157(b)(1), and the determinations concerning a debtor's exemptions are core proceedings pursuant to 28 U.S.C. § 157(b)(2), the present Motion to Avoid Judgment Lien is a core proceeding.

Debtor asserts that the judgment lien of Society can be avoided as impairing his homestead exemption. Society responds that the Debtor cannot avoid its judgment lien under the Sixth Circuit precedent set in *In re Moreland,* 21 F.3d 102 (6th Cir.1994). In *Moreland,* the Court found that the Ohio homestead exemption may not be used to avoid a lien on a debtor's property unless the property is presently the subject of an involuntary execution. *Moreland* follows a preceding Sixth Circuit case, *In re Dixon,* 885 F.2d 327 (6th Cir.1989).

*Moreland* and *Dixon* have been overruled by the Bankruptcy Reform Act of 1994, which amended the lien avoidance provision found in § 522(f) of the Bankruptcy Code. Section 522(f)(2)(A), as amended, sets forth an arithmetic formula for the determination of "impairment," alleviating any ambiguity in the determination. The House Report accompanying this provision of the Bankruptcy Reform Act of 1994 explains the effect on the Sixth Circuit cases:

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption based upon a decision, *In re Brantz,* 106 B.R. 62 (Bankr.E.D.Pa.1989) that was favorably cited by the Supreme Court in *Owen v. Owen,* [500 U.S. 305, n. 5] 111 S.Ct. 1833, n. 5 [114 L.Ed.2d 350 (1991) ].

The decisions that would be overruled involve several scenarios.

\*   \*   \*   \*   \*   \*

The third situation is in the Sixth Circuit, where the Court of Appeals, in *In re*

*Dixon,* 885 F.2d 327 (6th Cir.1989), has ruled that the Ohio homestead exemption only applies in executions situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wished to sell the house after bankruptcy that can be done only by paying the lienholder out of the equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem. By defining "impairment," the amendment also clarifies that a judicial lien on a property can impair an exemption even if the lien cannot be forced through an execution sale, thereby supporting the result in *In re Henderson,* 18 F.3d 1305 (5th Cir.1994), which permitted a debtor to avoid a lien that impaired the homestead exemption even though the lien could not be enforced through a judicial sale.

H.R.Rep. 103–834, 103rd Cong., 2nd Sess 41–42 (Oct. 4, 1994); 140 Cong.Rec. H10770 (Oct. 4, 1994). Because the effective date of the amendment is October 22, 1994, prior to the Debtors' bankruptcy filing, it applies in this case.

Society apparently feels that the legislative history does not properly explain Congress's intent, but has attempted no explanation as to how this could be. Thus, this Court does not understand Society's reasoning. It appears obvious and unambiguous to this Court that a debtor will be able to avoid a lien when it meets the impairment criteria, and this criteria contains no present execution requirement.

Applying the § 522(f) formula in the case at bar, it can be concluded that Society's lien will be avoided in full. Applying the figures to which the parties have stipulated, the impairment formula can be applied as follows:

| | |
|---|---:|
| Lien sought to be avoided | 8,033.33 |
| First mortgage | 51,746.67 |
| Second lien | 7,228.90 |
| Exemptions | 5,000.00 |
| | 72,008.90 |
| Less: Value of property absent any liens | (49,000.00) |
| Impairment | 23,008.90 |

Because the amount of the impairment is greater than the amount of the lien sought to be avoided, the lien is avoided in full. This conclusion is also supported by the legislative history of the Bankruptcy Reform Act changes to § 522(f). As the House Report accompanying this provision of the Bankruptcy Reform Act of 1994 also explains (repeating a portion of that quoted above):

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), *several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code.* This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption based upon a decision, *In re Brantz,* 106 B.R. 62 (Bankr.E.D.Pa..1989), that was favorably cited by the Supreme Court in *Owen v. Owen,* [500 U.S. 305, n. 5] 111 S.Ct. 1833, n. 5 [114 L.Ed.2d 350 (1991) ].

The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and *avoid a judicial lien or other lien of a type subject to avoidance, in any amount,* that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption on the lien. Unfortunately, a minority of court decisions have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

H.R.Rep. 103–834, 103rd Cong., 2nd Sess 41–42 (Oct. 4, 1994); 140 Cong.Rec. H10770 (Oct. 4, 1994) (emphasis added). Further, this Court agrees with this result as a matter

of policy. See *In re Miller,* 198 B.R. 500, 505 (Bankr.N.D.Ohio 1996). Accordingly, the lien of Society will be avoided in full.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Debtors' Motion to Avoid Lien of Society National Bank be, and is hereby, *GRANTED,* and that the judicial lien of Society National Bank on Debtor's residential property be, and is hereby, *AVOIDED IN FULL.*