**In re Barbara Jeanne GOSTIAN, Nicolaie Valentin Gostian, Debtors.**

**Bankruptcy No. 96–3532–APG.**

**United States Bankruptcy Court, M.D. Alabama.**

July 29, 1997.

---

Robert L. Austin, Birmingham, AL, for Debtors.

Tom McGregor, Montgomery, AL, Trustee.

## ORDER ON MOTION TO AMEND ORDER AVOIDING JUDICIAL LIEN

A. POPE GORDON, Bankruptcy Judge.

The debtors filed a motion on June 17, 1997 to amend the December 30, 1996 order avoiding the judicial lien of Weatherly Systems, Inc. under 11 U.S.C. § 522(f)(1)(A).

The order avoided the lien to the extent that the lien impaired the allowed exemptions of the debtors.[1] However, the order did not determine whether the lien actually impaired an exemption of specific property.

The debtors move to amend the order to determine that the judicial lien on the homestead is void in full.[2]

The motion to amend is filed late. *See* Fed.R.Bankr.Proc. 9023 which incorporates Fed.R.Civ.Proc. 59(e). The court has no discretion to enlarge the 10–day period.[3]

However, the court will consider the motion because the relief requested does not require the court to amend the order but to *apply* the order to the homestead of the debtors.

11 U.S.C. § 522(f)(2)(A) provides a simple arithmetic test to determine the extent to which a lien impairs an exemption of specific property.[4] The exemption is impaired to the extent the total of all liens on the property plus the exemption exceed the fair market value of the property.[5]

---

1. The order declared the lien void "to the extent that such lien impairs the property exemption of the debtors claimed and allowed in these proceedings."

2. The real property constituting the homestead is located at 9109 County Road 59, Verbena, Alabama.

3. Fed.R.Bankr.Proc. 9006(b)(2). *See Florida v. Brandt (In re Southeast Bank Corp.),* 97 F.3d 476 (11th Cir.1996); *Barone v. Strouse (In re The Campfire Shop),* 71 B.R. 521 (Bankr.E.D.Pa. 1987).

4. The court notes that the fact situation in the instant case is different from any of the four scenarios identified in the legislative commentary to 11 U.S.C. § 522(f) as amended in 1994.

5. *See* 11 U.S.C. § 522(f)(2)(A) which provides as follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property;
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The value of the debtor's interest in the property is determined as of the date of the filing of the petition. *See infra* note 7.

In the instant case, the court is aware of liens on the homestead held by the following creditors: [6]

| | |
|---|---|
| Green Tree Financial Corporation | $29,500.00 |
| First Franklin | 2,200.00 |
| Gary Williams | 8,900.00 |
| Weatherly Systems, Inc. | 6,900.00 |
| Total | $47,500.00 |

The total of all liens plus the $10,000.00 homestead exemption for joint debtors exceed the $51,000.00 fair market value of the property by $6,500.00: [7]

| | |
|---|---|
| All Liens | $47,500.00 |
| Homestead Exemption | 10,000.00 |
| | $57,500.00 |
| Less: Value of Property Absent any Liens | (51,000.00) |
| Impairment | $ 6,500.00 |

█ The homestead exemption is therefore impaired to the extent of $6,500.00, and the judicial lien of Weatherly Systems is void to that extent.[8] *See In re Jakubowski,* 198 B.R. 262 (Bankr.N.D.Ohio 1996); *In re Allard,* 196 B.R. 402 (Bankr.N.D.Ill.1996).

---

6. The first three are mortgage liens revealed in Schedule D, Creditors Holding Secured Claims.

7. The debtors scheduled the value of the homestead at $51,000.00. Weatherly has not contested the amounts of the mortgage liens or the value of the homestead as scheduled by the debtors.

8. Upon avoidance, the lien will not "reattach to the property to reach any future increase in value." *4 Lawrence P. King, Collier on Bankruptcy* ¶ 522.11[3], at 522–79 (15th ed. rev.1997). "This protection of the debtor's interest in the postbankruptcy appreciation of the property is in marked contrast to the Supreme Court's decision in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)." *Id.* at 522–79 note 18.