Varela-Lopez v. Garland

BIA
Straus, IJ
A078 283 601

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand twenty-two.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

AYLEEN FRANCELES VARELA-LOPEZ,
*Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

20-1284
NAC

FOR PETITIONER: Jon E. Jessen, Esq., Law Offices of Jon E. Jessen, LLC, Stamford, CT.

FOR RESPONDENT: Brian Boynton, Acting Assistant Attorney General; Nancy E.

Friedman, Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ayleen Franceles Varela-Lopez, a native and citizen of Honduras, seeks review of a March 18, 2020 decision of the BIA affirming a June 29, 2018 decision of an Immigration Judge ("IJ"), which denied her application for relief under the Convention Against Torture ("CAT"). *In re Ayleen Franceles Varela-Lopez,* No. A 078 283 601 (B.I.A. Mar. 18, 2020), *aff'g* No. A 078 283 601 (Immig. Ct. Hartford June 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see also Nasrallah*

*v. Barr*, 140 S. Ct. 1683, 1692 (2020). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding." *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012). Varela-Lopez alleged a fear of torture by gangs in Honduras.

A CAT applicant has the burden to show that she will "more likely than not" be tortured and that authorities "more likely than not" will acquiesce to that torture. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (cleaned up)). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by .

. . . or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). In assessing whether an applicant has satisfied her burden of proof, the agency considers all evidence relevant to the possibility of future torture, including evidence of past torture, "evidence of gross, flagrant or mass violations of human rights within the country of removal," and other relevant information on country conditions. 8 C.F.R. § 1208.16(c)(3). The agency concluded that Varela-Lopez failed to establish that she would more likely than not be tortured by gangs in Honduras. The record does not compel a contrary conclusion.

The agency considered that gangs had extorted Varela-Lopez in the past and that she had been assaulted and had her leg broken in 1999, but did not err in concluding that the extortion and assault did not rise to the level of torture. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."); *San Chung Jo v. Gonzales*, 458 F.3d 104, 109-10 (2d Cir. 2006) (finding "no indication in

4

the definition of torture that that concept was intended to encompass destruction, thefts, expropriations, or other deprivations of property"); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution"). Moreover, the alleged gang murders of her father, uncle, and brother in 1984, 1988, and 2003, respectively, predate her return to Honduras in 2008 when she suffered only extortion. Those murders do not compel a conclusion that she will more likely than not be tortured because she has other family members who remain in Honduras and who have suffered only extortion at the hands of the gangs. *See Melgar de Torres* v. Reno, 191 F.3d 307, 313 (2d Cir. 1999) (finding that similarly situated family members who remain unharmed cuts against the likelihood of applicant's future harm).

The agency also considered the country conditions evidence in the record. Varela-Lopez implies that the IJ should have considered more recent country reports for Honduras, but she had the burden of proof and did not ask to submit additional evidence on remand. *See* 8 C.F.R.

5

§ 1208.16(c)(2). The news articles and country reports document ongoing gang and political violence, increased violence against women, and police corruption, and report that Honduras had the world's highest murder rate per capita in 2013. Although this evidence reflects significant violence, it does not compel the conclusion that Varela-Lopez will "more likely than not" be tortured, and her reliance on evidence that 30% of the population is subject to extortion is not evidence of torture. *See San Chung Jo*, 458 F.3d at 109–10; *Chun Gao v. Gonzales*, 424 F.3d 122, 128–29 (2d Cir. 2005) ("Relief under the CAT requires the applicant to establish that there is greater than a fifty percent chance (i.e., that it is more likely than not) that he will be tortured upon return to his or her country of origin." (quotation marks omitted)).

Because Varela-Lopez's claim fails on the likelihood of torture, we do not reach the agency's alternative finding that Varela-Lopez did not establish that the Honduran government would acquiesce to her torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the

decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court