In re James Chester BUTLER, Debtor.

James Chester BUTLER, Plaintiff,

v.

SOUTHERN O CORPORATION,
Defendant.

Bankruptcy No. 7–95–00231–HPR–7.
Adv. No. 7–96–00020.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 21, 1996.

Roy V. Creasy, Roanoke, Virginia, for Debtor/Plaintiff.

John T. Arnold, Moss & Rocovich, P.C., Roanoke, Virginia, for Creditor/Defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This Adversary Proceeding of the Debtor, James C. Butler, seeks to avoid a judicial lien under 11 U.S.C. §§ 522(f) and 506(d), which was docketed against Debtor's real property in the City of Roanoke, Virginia, by Defendant, Southern O Corporation. For the reasons hereafter stated, the lien is avoidable in its entirety.

The stipulated facts are as follows: The Debtor, James Butler, filed a Chapter 7 petition on January 31, 1995 and was granted a discharge on April 24, 1995. The Debtor owned in fee simple a parcel of real estate located in the City of Roanoke and described as a portion of Lot 13, Section 10, Map of Lewis Addition, Roanoke City Tax Identification No. 1020216. The real estate is encumbered by several Deeds of Trust. The first Deed of Trust is held by First Mortgage Corporation (now West Star Financial), dated June 29, 1979 with an outstanding balance of $31,304.41, as of the date of filing of the petition. First Union Home Equity Corporation has a second Deed of Trust dated December 22, 1992 with an outstanding balance of $28,369.71. The third Deed of Trust, dated September 27, 1993, secures the legal holder of a principal sum of $15,000.00 with an outstanding balance of $17,260.00.

Southern O Corporation ("Southern O") docketed its judgment on January 28, 1994 in

the sum of $115,000.00, plus $18,289.34, plus attorney's fees of $784.74. The judgment was not related to the purchase of or any refinancing of a debt on the subject real estate. There was no equity in the real estate at the time the judgment was docketed. The value of the real estate on the date of filing was $72,000.00 and the amount of the outstanding Deeds of Trust as of the date of filing is $76,934.12. The Debtor recorded a Homestead Deed in the City of Roanoke claiming exemption of $1.00 equity in the above real estate which has been amended and increased to $1,964.00.

The parties stipulated the specific issues to be determined: First, whether the lien on the Debtor's real estate impairs his homestead exemption pursuant to 11 U.S.C. § 522(f); and, secondly, whether *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) preserves a non-consensual judgment lien as applied to this case. (Stipulations at 2). This Court holds, for reasons hereinafter stated, that the lien is entirely avoidable pursuant to 11 U.S.C. § 522(f) and that any future increase in value accrues to the benefit of the Debtor as after-acquired property.

■ As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. USF & G*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son Inc.*, 169 F.2d 151, 152 (4th Cir.1948) (citing *Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 286, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt*, 292

U.S., at 244, 54 S.Ct., at 699; *Johnston v. Johnston*, 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928).

■ Bankruptcy Code § 522(f) allows the debtor to avoid the fixing of certain liens to the extent that such a lien impairs an exemption. If the lien is avoidable under § 522, the issue of avoidance under § 506(d) is moot. The language states in pertinent part as follows:

(f)(1) Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien ...

11 U.S.C. § 522.

The Bankruptcy Reform Act of 1994 significantly amended section 522(f) in several respects, including the addition of a new subsection (f)(2)(A) to provide an arithmetic test to determine whether a lien impairs an exemption, based upon a decision in *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989) that was favorably cited by the Supreme Court in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Since these amendments are effective for all cases commenced after October 22, 1994, they apply to this case, which was filed in 1995. (*A copy of Congressional Record is attached hereto as an Appendix.*) The Code states as follows:

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien,

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

■ There has been many past court decisions concerning under what circumstances a lien actually impairs an exemption as well as

several court decisions that have "reached results not intended by Congress when it drafted the Code." 140 Cong.Rec. H10769 (Oct. 4, 1994). Under the Amendments, a debtor may avoid a judicial lien when the debtor has no equity in the property over and above a lien which is senior to the judicial lien the debtor is attempting to avoid. *See* 5 Collier on Bankruptcy, ¶ 522.29 (15th Ed.1995) (*citing* H.R.Rep. No. 5116, 140 Cong.Rec. H10764 (1994)). This Court has long followed this rationale in previous decisions by following the Supreme Court decision in *Owen* which held that notwithstanding the absence of an actual exemption, the lien might be avoided under section 522(f) because it impaired an exemption that the debtor "would have had if the lien had not existed."

The Legislative History indicates that Congress intended to protect a debtor's residual interest in the property from a judicial lien. Congress set forth three specific scenarios whereby the 1994 amendments are intended to overrule court decisions predicated upon these certain sets of facts. *Id.* They are as follows:

(1) When the debtor has no equity in the property over and above the first mortgage, e.g., a debtor's home has a value of $40,000.00 and is subject to a $40,000.00 first mortgage, a $10,000.00 homestead exemption and a $20,000 judicial lien. The decisions that interpreted section 522(f) as not permitting avoidance of the judicial lien in this situation are overruled.[1]

(2) The second is where the judicial lien the debtor seeks to avoid is partially secured, e.g., where the debtor's home has a value of $50,000.00 and is subject to a $40,000.00 first mortgage, a $10,000.00 homestead exemption and a $20,000.00 judicial lien. The decisions holding that the debtor could not avoid the entire judicial lien in this situation, which represents a minority view, are overruled.[2]

In accordance with the first scenario, the Amendments overruled *In re Gonzalez.* (*See supra* f.n. 1, which followed cases such as *In re Opperman,* 943 F.2d 441 (4th Cir.1991) and *In re Chabot.*) (*See supra* f.n. 2, which held that the impairment of debtor's exemptions could not extend beyond the amount of the exemption.)

The second scenario overrules the Ninth Circuit decision *In re Chabot.* Congress did not intend the results obtained in *Chabot* and the overruling of the decision will have a definite impact upon future avoidance issues under § 522(f). In *Chabot,* the debtors argued that any unsecured portion of a lien should be avoided because, otherwise, it will linger after discharge, attach to any post-petition appreciation in the property, and hinder the "fresh start." The *Chabot* Court, following *Dewsnup v. Timm,* disagreed with this rationale and held that a judicial lien may attach to any equity remaining in property after subtracting all prior liens and the homestead exemption. The *Chabot* case has been followed by several other cases including *Dominion Bank v. Osborne,* 165 B.R. 183 (W.D.Va.1994); 156 B.R. 188 (Bankr.W.D.Va. 1993), wherein the district court reversing this Court, held that the judgment lien could be avoided only to the extent of the homestead exemption claimed. In *Osborne,* the value of the residence was $50,000.00, the first Deed of Trust was $46,400.00, and the amount of the judgment lien was in excess of $100,000.00. Applying the test in § 522(f)(2), with the amount of the lien, plus the amount of the deed of trust and the homestead exemption, debtors would have been entitled to avoidance. This is precisely the type of scenario set forth above in H.R. 5116, which now avoids this type of lien in its entirety.

Likewise, the facts in this case conform to the facts set forth in scenario number one. The amount of the lien ($115,000.00 +), plus the amount of the other liens ($76,934.12), plus any exemption to which the Debtor might be entitled, exceeds the value of the property of $72,000.00. Thus, the lien will be avoided in its entirety.

▉ The second issue stipulated by the parties is whether *Dewsnup* preserves a nonconsensual judgment lien. (Stipulations at

---

**1.** *See In re Gonzalez,* 149 B.R. 9 (Bankr.D.Mass. 1993).

**2.** *See In re Chabot,* 992 F.2d 891 (9th Cir.1992).

2). In other words, should the debtor be allowed the benefit of any future increase in the value of the property? The section-by-section description of H.R. 5116 indicates that it was Congress's intention to protect any future equity the debtor may accumulate, by the reduction of the principal amount of a mortgage, from payments hereafter made by the debtors. *See* H.R. 5116, Cong. Rec. H10769 (1994).

The Supreme Court in *Dewsnup* limited its decision to the facts of the case and did not deal with the avoidance of a judicial lien under § 522(f), but instead dealt with lien avoidance pursuant to § 506(d).[3] The holding has been extended to other cases involving non-consensual liens as well. *See In re Crossroads of Hillsville v. Payne,* 179 B.R. 486 (W.D.Va.1995); 179 B.R. 480 (Bankr. W.D.Va.1994). Southern O's lien, which is not supported by equity value, is clearly avoided under § 522(f).

Accordingly, it is **ORDERED** that Southern O's lien is avoided in its entirety pursuant to 11 U.S.C. § 522(f).

### APPENDIX

### 11 USC § 522

### BANKRUPTCY CODE

thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien, and may similarly avoid a nonpurchase-money security interest in certain household and personal goods. The avoiding power is independent of any waiver of exemptions. (HR Rep No. 595, 95th Cong, 1st Sess 362 (1977); S Rep No. 989, 95th Cong, 2d Sess 76 (1978))

*Congressional Record Statements (Reform Act of 1978 )*

Section 522(f)(2) is derived from the Senate amendment restricting the debtor to avoidance of nonpossessory, nonpurchase

money security interests. (124 Cong Rec H11095 (daily ed. Sept. 28, 1978); S17412 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini)

House Report (Reform Act of 1994)

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, In re Brantz, 106 B.R. 62 (Bankr.E.D.Pa.1989), that was favorably cited by the Supreme Court in Owen v. Owen, 111 S.Ct. 1833, 1838, n. 5.

The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as In re Gonzales, 149 B.R. 9 (Bankr.D.Mass.1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

The second situation is where the judicial lien the debtor seeks to avoid is partially secured. Again, in an example where the debtor has a $10,000 homestead exemption, a $50,000 house and a $40,000 first mortgage, most commentators and courts would have said that a judicial lien of $20,000 could be

---

**3.** Section 506(d) provides that lien is void "to the extent that it secures a claim against the debtor that is not an allowed secured claim."

avoided in its entirety. Otherwise, the creditor would retain all or part of the lien and be able to threaten postbankruptcy execution against the debtor's interest which, at the time of the bankruptcy is totally exempt. However, a few courts, including the Ninth Circuit in In re Chabot, 992 F.2d 891 (9th Cir.1992), held that the debtor could only avoid $10,000 of the judicial lien in this situation, leaving the creditor after bankruptcy with a $10,000 lien attached to the debtor's exempt interest in property. This in turn will result, at a minimum, in any equity created by mortgage payments from the debtor's postpetition income—income which the fresh start is supposed to protect—going to the benefit of the lienholder. It may also prevent the debtor from selling his or her home after bankruptcy without paying the lienholder, even if that payment must come from the debtor's $10,000 exempt interest. The formula in the section would not permit this result.

The third situation is in the Sixth Circuit, where the Court of Appeals, in In re Dixon, 885 F.2d 327 (6th Cir.1989), has ruled that the Ohio homestead exemption only applies in execution sale situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wishes to sell the house after bankruptcy, that can be done only by paying the lienholder out of equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem. By defining "impairment," the amendment also clarifies that a judicial lien on a property can impair an exemption even if the lien cannot be enforced through an execution sale, thereby supporting the result in In re Henderson, 18 F.3d 1305 (5th Cir.1994), which permitted a debtor to avoid a lien that impaired the homestead exemption even though the lien could not be enforced through a judicial sale.

The amendment also overrules In re Simonson, 758 F.2d 103 (3d Cir.1985), in which the Third Circuit Court of Appeals held that

a judicial lien could not be avoided in a case in which it was senior to a nonavoidable mortgage and the mortgages on the property exceeded the value of the property. The position of the dissent in that case is adopted. (HR Rep 103–834, 103rd Cong., 2nd Sess 35–37 (Oct. 4, 1994); 140 Cong.Rec. H10769 (Oct. 4, 1994))

This section adds a limited exception to the debtor's ability to avoid nonpossessory non-purchase-money security interests in implements, professional books, or tools of trade of the debtor or a dependent of the debtor, or farm animals or crops of the debtor or a dependent of the debtor. It applies only in cases in which the debtor has voluntarily chosen the State exemptions rather than the Federal bankruptcy exemptions or has been required to utilize State exemptions because a State has opted out of the Federal exemptions. In such case, if the State allows unlimited exemption of property or prohibits avoidance of a consensual lien on property that could otherwise be claimed as exempt, the debtor may not avoid a security interest on the types of property specified above under Bankruptcy Code section 522(f)(2) to the extent the value of such property is in excess of $5,000. This section has no applicability if the debtor chooses the Federal bankruptcy exemptions, which cannot be waived. Like other exemption provisions, the new provision applies separately to each debtor in a joint case. (HR Rep 103–834, 103rd Cong., 2nd Sess 41–42 (Oct. 4, 1994); 140 Cong.Rec. H10770 (Oct. 4, 1994))

Editors' Comment

The House and Senate Reports to the Reform Act of 1978 are the same, except that the Senate Report referred to subsection (e), and the difference in lettering was due to the absence of the alternative federal list of exemptions in S 2266.

The reference in the Congressional Statements to the Reform Act of 1978 to § 522(f)(2) being derived from S 2266 refers to § 522(e)(2) of S 2266 as reported.

Subsection (f)(2) was added by § 303 of Bankruptcy Reform Act of 1994, Pub.L. 103–394 (Oct. 22, 1994), for the reasons stated in the above legislative history. These amend-

ments became effective for all cases commenced after October 22, 1994.

Subsection (f)(3) was added by § 310 of the Bankruptcy Reform Act of 1994, Pub.L. 103–394 (Oct. 22, 1994), for the reasons stated in the above legislative history. These amendments became effective for all cases commenced after October 22, 1994.

11 USC § 522(g)

House and Senate Reports (Reform Act of 1978)

Subsection (g) gives the debtor the ability to exempt property that the trustee recovers under one of the trustee's avoiding powers if the property was involuntarily transferred away from the debtor (such as by the fixing of a judicial lien) and if the debtor did not conceal the property. The debtor is also permitted to exempt property that the trustee recovers as the result of the avoiding of the fixing of certain security interests to the extent that the debtor could otherwise have exempted the property. (HR Rep No. 595, 95th Cong, 1st Sess 362 (1977); S Rep No. 989, 95th Cong, 2d Sess 76 (1978))

Editors' Comment

The only difference between the House and Senate Reports to the Reform Act of 1978 is that the Senate Report refers to subsection (f). The difference in the lettering is due to the absence of an alternative federal list of exemptions in S 2266.

11 USC § 522(h)

House and Senate Reports (Reform Act of 1978)

If the trustee does not pursue an avoiding power to recover a transfer.