In re Duane Hamilton HOLLAND
and Judith Lynne Holland.

No. C-1-96-745.

United States District Court,
S.D. Ohio,
Western Division.

April 11, 1997.

Caitlin – Decatur, Batavia, OH, for Duane Hamilton Holland, for Appellants.

Randy Todd Slovin, David C. Nalley, Mason, Slovin & Schilling, Cincinnati, OH, for Star Bank, N.A.

Eileen K. Field, Harris, Harris & Field, Cincinnati, OH, Pro se.

### MEMORANDUM AND ORDER

BECKWITH, District Judge.

This matter comes before the Court to consider Duane and Judith Holland's ("the Debtors") appeal of Orders entered by the Bankruptcy Court, which the Debtors file pursuant to Title 28, § 158(a) of the United States Code.

The Debtors filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code on December 4, 1995. At that time, the Debtors claimed a $10,000 exemption on their homestead property, pursuant to Ohio Revised Code § 2329.66(A)(1)(b). Prior to the Debtors' filing their Voluntary Petition, Star Bank ("Star") recorded "Certificates of Judgment for Liens Upon Lands and Tenements" upon the Debtor's homestead property in the Recorder's Office of Clermont County, Ohio. To date, the Debtors' homestead property has not been subjected to a judicial sale or other form of involuntary execution.

On December 19, 1995, the Debtors filed a motion to avoid Star's judicial liens on their homestead property; they amended the motion on January 30, 1996. On March 19, 1996, the Bankruptcy Court entered an Order denying the Debtors' motion to avoid the judicial liens. On March 21, 1996, the Bankruptcy Court granted the Debtors' discharge in Bankruptcy. On March, 28 and 29, 1996, the Debtors filed a motion and amended motion to or amend the Order denying their

motion avoid Star's judicial liens. The Bankruptcy Court denied the motion and amended motion in an Order dated June 17, 1996. The Debtors now appeal the March 19, 1996, Order denying their motion to avoid judicial liens, as well as the June 26, 1996, Order denying their motion and amended motion to alter or amend the judgment entered by the Bankruptcy Court on March 19, 1996.

### Standard of Review

This Court must review the Bankruptcy Court's findings of fact pursuant to the "clearly erroneous" standard, and its conclusions of law under the "*de novo*" standard. Bankruptcy Rule 8013; *see In re Baker & Getty Fin. Serv., Inc.,* 106 F.3d 1255, 1259 (6th Cir.1997). However, the Court concludes that the issues set forth in the Debtors' appeal can be disposed of as matters of law. Therefore, the Court will review the Bankruptcy Court's decisions under the *de novo* standard.

### Analysis

In general, the issue before this Court is whether the Bankruptcy Court erred in denying the Debtors' motion to avoid the judicial liens of Star. The basis for the Bankruptcy Court's denial of the motion was the Sixth Circuit Court of Appeals' decisions in *In re Moreland,* 21 F.3d 102 (6th Cir.), *cert. denied,* 513 U.S. 956, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994), and *In re Dixon,* 885 F.2d 327 (6th Cir.1989). In these decisions, the Court concluded that an exemption under Ohio Revised Code § 2329.66 is only effective to avoid a judicial lien when there is a threatened sale of the debtor's homestead property. *Moreland,* 21 F.3d at 107; *Dixon,* 885 F.2d at 330. The Bankruptcy Court found that these decisions precluded the Debtor's avoidance of Star's judicial liens. For the reasons discussed below, this Court agrees, and affirms the Bankruptcy Court's Orders.

The Supreme Court of the United States has recognized that "[a]n estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, *as well as those interests recovered or recoverable through transfer and lien avoidance provisions.*" *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). Bankruptcy Code Section 522(f) addresses the issue of lien avoidance, and it dictates that, "[n]otwithstanding any waiver or exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien ...." 11 U.S.C. § 522(f). In order for a debtor to utilize the avoidance provision in § 522, he must first identify a recognized exemption, and second demonstrate that the judicial lien impairs the exemption. *Moreland,* 21 F.3d at 105.

Ohio Revised Code § 2329.66(A)(1)(b) provides for a $5,000 per person homestead exemption for property subject to "execution, garnishment, attachment, or sale to satisfy a judgment or order ...." *Id.*[1] However, the Sixth Circuit Court of Appeals has concluded that, based on the plain language of the statute and in accordance with Ohio precedent, the homestead exemption only becomes available with respect to a judgment lien when a forced judicial sale or involuntary execution is pending. *Dixon,* 885 F.2d at 330; *accord Moreland,* 21 F.3d at 105. Thus, a debtor cannot avoid a judicial lien unless the target property is subject to a "judicial sale or an[other] form of involuntary execution." *Dixon,* 885 F.2d at 330; *accord Moreland,* 21 F.3d at 105.

Despite the decisions in *Moreland* and *Dixon,* the Debtors urge this Court to disregard Sixth Circuit precedent and hold that they are entitled to avoid Star's judicial liens. They raise a number of arguments based on

---

1. An exemption is an interest withdrawn from the bankruptcy estate for the benefit of the debtor. *Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. The Bankruptcy Code sets forth certain exemptions which are available to debtors. *See* 11 U.S.C. § 522(d). However, states are permitted to "opt out" of the federal system of exemptions and promulgate their own exemptions, as established under state law. 11 U.S.C. § 522(b)(1); *see generally Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. Ohio is one of the many states that has chosen to opt out of the federal scheme and create its own set of bankruptcy exemptions. *See* O.R.C. § 2329.66.

their conclusion that the *Moreland* and *Dixon* cases were wrongly decided. However, the Court finds that the Debtor's arguments lack merit, and it declines the Debtors' invitation to disregard Sixth Circuit precedent which is squarely on point. Therefore, the Bankruptcy Court's Orders shall be affirmed.

The Debtors first argue that Ohio courts would not require their homestead property to be "threatened with a sale under a writ of execution or attachment before [they are] entitled to a homestead exemption ...." Appellant's brief at 12. Debtors' counsel cites Ohio precedent from the early 1900's in support of her assertion that the Debtors became eligible for the homestead exemption upon filing for bankruptcy. In addition, Debtors' counsel cites dicta from the decision in *In re Lynch*, 187 B.R. 536 (Bankr.E.D.Ky. 1995), which criticizes the Sixth Circuit Court of Appeals' reading of Ohio law.

Nonetheless, the Sixth Circuit Court of Appeals has considered the plain language of the statute as it currently exists, in conjunction with Ohio precedent[2], and it has concluded that the exemption is only available upon the judicial sale or other involuntary execution upon the homestead property. *Dixon*, 885 F.2d at 330; *accord Moreland*, 21 F.3d at 105. *Dixon* and *Moreland* are well reasoned, and the Court finds no basis for disregarding this precedent.

The Plaintiff next argues that, in its *Moreland* opinion, the Sixth Circuit Court of Appeals' wrongly concluded that its holding in *Dixon* was not overruled by the Supreme Court decision in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In *Owen*, the Supreme Court concluded that "Florida's exclusion of certain liens from the scope of homestead protection" impermissibly limited the avoidance power set forth in the Bankruptcy Code. *See id.* at 314–15, 111 S.Ct. at 1838–39. In *Owen*, the debtor's former wife obtained a judgment lien against him in Sarasota County, Florida. *Id.* at 306,

111 S.Ct. at 1834. At the time the judgment was entered, the debtor did not possess property in Sarasota; however, applicable law dictated that the judgment attached to subsequently acquired property in that county. *Id.* Later, the debtor acquired a condominium in Sarasota. At the time he purchased the property, condominiums did not qualify under Florida's homestead exemption. *Id.* at 307, 111 S.Ct. at 1834–35. Yet, Florida amended its homestead exemption law shortly thereafter to include condominiums. Subsequent to the change in law, the debtor filed for bankruptcy, claimed a homestead exemption in his condominium, and sought to avoid his former wife's judgment lien. *Id.*

The bankruptcy court denied the debtor's motion to avoid the lien. On appeal, the district court recognized that Florida courts had determined that the new law which included condominiums in the homestead exemption was inapplicable to liens that had attached prior to the property's having acquired the homestead status. *Id.* at 307–08, 111 S.Ct. at 1834–35. Thus, the district court affirmed the bankruptcy court's denial of the motion, and the Eleventh Circuit Court of Appeals affirmed the district court's decision on the same grounds. *Id.*

The Supreme Court reversed. The Court stated that, if its inquiry was limited to whether the judicial lien impaired the debtor's exemption, the lien should be avoided. *Id.* at 310, 111 S.Ct. at 1836. This was true because, pursuant to Florida law, the "homestead exemption [was] not assertable against pre-existing judicial liens." However, the Court stated that the appropriate inquiry was whether the lien "impair[ed] an exemption to which [the debtor] would have been entitled *but for the lien itself.*" *Id.* at 310–11, 111 S.Ct. at 1836–37 (emphasis added). Under this analysis, the Court concluded that the debtor could avoid the judicial lien. *Id.* In addition, the Court stated that its holding was consistent with its finding that nothing

---

**2.** The *Dixon* court cited *Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986) in support of its conclusion that the Ohio homestead exemption is effective only upon an "execution, garnishment, attachment or sale to satisfy a judgment order." *Id.*, 504 N.E.2d at 1103. To be sure, the analysis and holding of the

*Daugherty* case is not directly on point with respect to the instant case. However, the *Daugherty* case demonstrates that the language of the current exemption provision is determinative of the availability of exemptions, *see id.*, rather than the antiquated case law cited by the Debtors.

in the Bankruptcy Code "limits a State's power to restrict the scope of its exemptions," and that states "could theoretically accord no exemptions at all." *See id.* at 308, 111 S.Ct. at 1835.

In *Moreland,* the Sixth Circuit Court of Appeals held that the Supreme Court's decision in *Owen* did not overrule *Dixon.* The Court found *Owen* to be distinguishable from *Dixon,* as well as the case that was immediately before it. The Court applied the lien avoidance test espoused in *Owen,* and recognized that, "but for" the lien on the debtor's homestead property, the debtor "still would not have been entitled to her ... exemption as there was no judicial sale or involuntary execution pending." *Id.* at 107. The Court further stated that its "result [did] not impermissibly limit the avoidance power contained in the Bankruptcy Code because, upon a judicial sale, [the debtor's] ability to assert her homestead exemption and to seek to avoid the [creditor's] lien [would] be unrestricted by our holding in *Dixon.*" *Id.*

Again, the instant case is indistinguishable from *Moreland.* Despite the Debtors' plea that this Court disregard applicable Sixth Circuit precedent, it sees no justification for doing so.

The Debtors next argue that a 1992 amendment to the Ohio Revised Code "reinforces" their contention that they should be able to avoid the judicial liens on their homestead property. The amendment creates a special homestead exemption which applies to judgments or orders for health care services or supplies. *See* O.R.C. § 2329.66(A)(1)(a). The Bankruptcy Court noted that "*Moreland* was filed and decided well after the amendments to [Section] 2329.66," and that, therefore, the Debtors' argument lacked merit. Bankruptcy Court Order, dated June 13, 1996, at 2. The Debtors nevertheless highlight the fact that the *Moreland* case was filed in 1991, prior to the

statutory amendments. However, the Court finds this fact to be irrelevant, as the *Moreland* case was decided well after the amendments went into effect. The Court can only assume that the *Moreland* Court was aware of the amendments, and found them to be immaterial to its decision.

The Debtors also argue that "the timing of exemptions in a bankruptcy case has always been a matter of federal law," and that federal law dictates that their property became exempt on the date of their filing a bankruptcy petition. Appellants' brief, at 20–21. As an initial matter, the Court notes that the Debtors' reasoning is implicitly rejected by the Sixth Circuit Court of Appeals in *Moreland* and *Dixon.* Furthermore, the Debtors concede in their brief that "the right of an individual debtor to an exemption provided by applicable state law" is to be determined by that state's law. Appellants' brief, at 12–13. Pursuant to *Moreland* and *Dixon,* the Debtors do not have a right to an exemption pursuant to § 2329.66. The Courts applied state law in making this determination, and the Debtors' argument is without merit.[3]

The Debtors also argue that amendments to the 1994 Bankruptcy Code were intended to overrule *Dixon,* and that, therefore, they should be able to avoid Star's liens. The 1994 amendments utilize an arithmetic test to determine whether an exemption is impaired. *See* § 522(f)(2)(A). The Debtors assert that an application of the arithmetic test shows that the liens impair an exemption to which they are entitled. However, the Supreme Court and the Sixth Circuit have agreed that, with respect to the avoidance analysis, the "question properly posed [is] whether the lien impaired 'an exemption to which [the debtor] would have been entitled but for the lien itself.' " *Moreland,* 21 F.3d at 106 (quoting *Owen,* 500 U.S. at 310–11, 111 S.Ct. at

---

3. The Debtors also argue that, because the time and manner of claiming exemptions in a bankruptcy case is controlled by federal law, *Moreland* and *Dixon* render the Ohio statute violative of the Supremacy Clause. However, the Debtors fail to cite authority for this proposition, and Sixth Circuit precedent implicitly rejects it. *See Moreland; Dixon; cf. In re Storer,* 58 F.3d 1125,

1128 (6th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 520, 133 L.Ed.2d 428 (1995) (where the Court recognized that the Ohio opt-out provision did not violate the Supremacy Clause, because "Congress ... vested in the states the ultimate authority to determine their own bankruptcy exemptions.").

1836–37). In the instant case, the Debtors would not have been entitled to an exemption but for the lien itself; therefore, the Court does not reach the issue of whether an exemption was impaired. *See Moreland,* 21 F.3d at 104 (where the Court recognized that "[F]irst, there must be a recognized exemption; and, second, the judicial lien must impair the exemption."). Therefore, the 1994 Bankruptcy Code amendments do not permit the Debtors to avoid Star's judicial liens.[4]

Finally, the Debtors argue that Star did not object to their claiming a $10,000 homestead exemption at the time they claimed it, and, therefore, Star is now precluded from contesting the validity of the exemption. However, this precise argument was presented in the *Moreland* case, and the Sixth Circuit Court of Appeals flatly rejected it. *See id.* at 104.[5] While the Debtors recognize that *Moreland* is directly on point, they argue that the *Moreland* Court failed to account for the Supreme Court's decision in *Taylor v. Freeland,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[6] Nonetheless, *Taylor* was decided two years prior to the *Moreland* decision, and the Court again refuses to ignore the clear holding in *Moreland.*

#### Conclusion

For the foregoing reasons, the Bankruptcy Orders appealed by the Debtors are hereby AFFIRMED, and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

---

**4.** In the Bankruptcy Court's June 13, 1996, Order, Judge J. Vincent Aug, Jr., recognized that the Legislative History to the 1994 amendments stated that Congress intended to overrule *Dixon* by adding the arithmetic test. *See id.* at 3. This Court agrees with Judge Aug's conclusion that it should not "reform [a statute] to correct perceived inadequacies," *In re Aberl,* 78 F.3d 241, 244 (6th Cir.1996), "so that what is omitted, presumably by inadvertence, may be included within its scope." *Wolf Creek Collieries v. Robinson,* 872 F.2d 1264, 1269 (6th Cir.1989). In addition, the 1994 amendments to the Bankruptcy Code are not ambiguous, and an appeal to the legislative history is therefore inappropriate. *Davis v. Michigan Dep't. of Treasury,* 489 U.S. 803, 808 n. 3, 109 S.Ct. 1500, 1504 n. 3, 103 L.Ed.2d 891 (1989) ("Legislative history is irrelevant to the interpretation of an unambiguous statute."); *Burlington Northern R.R. v. Oklahoma Tax Comm'n.,* 481 U.S. 454, 461, 107 S.Ct. 1855,

1860, 95 L.Ed.2d 404 (1987) ("Unless exceptional circumstances dictate otherwise, '[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete.' ") (citation omitted).

**5.** Specifically, the Court held that the debtor's right to claim the homestead exemption was not at issue. Rather, the Court viewed the issue as being the debtor's current ability to properly exercise her entitlement to the homestead exemption. *See id.*

**6.** The Court in *Taylor* held that, once the time period for filing objections to an exemption expires, a party in interest is barred from contesting the validity of the exemption, regardless of whether the debtor lacked good faith in asserting the exemption. *See id.* at 643–44, 112 S.Ct. at 1648–49.