In re: Duane Hamilton HOLLAND and Judith Lynne Holland, Debtors.

Duane Hamilton HOLLAND and Judith Lynne Holland, Appellants,

v.

STAR BANK, N.A., Appellee.

No. 97–3461.

United States Court of Appeals, Sixth Circuit.

Argued June 16, 1998.

Decided July 31, 1998.

Caitlin L. Decatur (argued and briefed), Batavia, Ohio, for Appellants.

David C. Nalley (briefed), Randy Todd Slovin (argued and briefed), Mason, Slovin & Schilling, Cincinnati, Ohio, for Appellee.

Before: KENNEDY, GUY, and NORRIS, Circuit Judges.

## OPINION

RALPH B. GUY, JR., Circuit Judge.

Debtors, Duane Hamilton Holland and Judith Lynne Holland, appeal the district court's decision affirming the bankruptcy court. The bankruptcy judge had denied debtors' motion to avoid judicial liens that they alleged impaired their exemption of homestead property from their bankruptcy estate. Based upon our review of the record

and the arguments presented on appeal, we conclude that the motion should have been granted in light of the 1994 amendments to the Bankruptcy Code defining impairment, *see* 11 U.S.C. § 522(f)(2)(A), and, therefore, we reverse.

## I.

■ This appeal arises from circumstances surrounding the Hollands' Chapter 7 bankruptcy proceedings. The filing was precipitated in part by the recording of judgment liens on their homestead property by creditor, Star Bank N.A., in the amount of $249,474.50. The debtors' petition for bankruptcy included a claim for a $10,000 real estate homestead exemption for their personal dwelling, which had a fair market value of $149,500.[1] There was a mortgage on the property of $146,330.53 held by a third party, Folkers Associates, leaving the debtors an equity interest in the home of $3,169.47. Star Bank did not object to the debtors' claimed exemption.

Shortly after filing for bankruptcy, the debtors filed a motion to avoid Star Bank's judgment liens. The bankruptcy court denied the motion. The debtors moved for reconsideration, but that motion was also denied. On appeal of these orders, the district court affirmed, *In re Holland*, 215 B.R. 861 (S.D.Ohio 1997), and this appeal followed.

## II.

■ In bankruptcy appeals, we review de novo the district court's conclusions of law. *In re Moreland*, 21 F.3d 102, 104 (6th Cir.1994). The bankruptcy court makes the initial findings of fact, which both the district court and this court review for clear error. *Id.*

■ The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b).[2] The law allows states, however, to withdraw from the federal exemption system and establish their own exemptions, if any. *Id.* § 522(b)(1); *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) (state "could theoretically accord no exemptions at all"). Ohio, the state in which the Hollands have filed for bankruptcy, has chosen this option. *See* OHIO REV.CODE ANN. § 2329.662 (Anderson 1995) ("this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in ... 11 U.S.C. § 522(d)"). With respect to homestead exemptions, Ohio law provides in pertinent part as follows:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

(1)(a) In the case of a judgment or order regarding money owed for health care services rendered or health care supplies provided to the person or a dependent of the person, one parcel or item of real or personal property that the person or a dependent of the person uses as a residence. Division (A)(1)(a) of this section does not preclude, affect, or invalidate the creation under this chapter of a judgment lien upon the exempted property but only delays the enforcement of the lien until the property is sold or otherwise transferred by the owner or in accordance with other applicable laws to a person or entity other than the surviving spouse or surviving minor children of the judgment debtor. Every person who is domiciled in this state may hold exempt from a judgment lien created pursuant to division (A)(1)(a) of this section the person's interest, not to exceed five thousand dollars, in the exempted property.

(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that

---

1. Under Ohio law, a person is entitled to claim up to "five thousand dollars" in interest in one's residence. OHIO REV.CODE ANN. § 2329.66(A)(1)(b) (Anderson Supp.1997). The Hollands each claimed a $5,000 interest.

2. The Supreme Court has defined an exemption as a property "interest withdrawn from the [bankruptcy] estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

the person or a dependent of the person uses as a residence.

*Id.* § 2329.66 (Anderson Supp.1997).

The Bankruptcy Code further allows debtors to avoid judicial liens[3] on exempted property to the extent that they impair the exemption. 11 U.S.C. § 522(f)(1). Section 522(f)(1) provides in pertinent part as follows:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien ...

In *In re Dixon*, 885 F.2d 327 (6th Cir.1989), we reversed a district court's ruling affirming the bankruptcy court's decision avoiding a judicial lien on Ohio debtors' homestead property. This court held that the homestead exemption under Ohio Rev.Code Ann. § 2329.66 was "effective" only when there was an execution, garnishment, attachment, or judicial sale. *Id.* at 330. Absent the occurrence of any of these events, we ruled that the debtors' exemption was not "impaired," and, therefore, the debtors were not entitled to avoid the creditor's judicial lien. *Id.*

In this case, the Hollands argue *inter alia* that the 1994 amendments to the Bankruptcy Code support their right to avoid Star Bank's judicial liens. Section 303 of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, 4132 added a definition of impairment of an exemption to § 522(f) that provides in pertinent part as follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value

that the debtor's interest in the property would have in the absence of any liens.

(codified at 11 U.S.C. § 522(f)(2)(A)). The legislative history accompanying the 1994 Act specifically referenced this court's decision in *Dixon*, 885 F.2d at 327, as among the decisions intended to be overruled by this language:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989), that was favorably cited by the Supreme Court in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 1838, n. 5, 114 L.Ed.2d 350.

The decisions that would be overruled involve several scenarios. . . .

> The third situation is in the Sixth Circuit, where the Court of Appeals, in *In re Dixon*, 885 F.2d 327 (6th Cir.1989), has ruled that the Ohio homestead exemption only applies in execution sale situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wishes to sell the house after bankruptcy, that can be done only by paying the lienholder out of equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem.

H.Rep. No. 103–835, at 52–53 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361–62.

■ We agree that the 1994 Amendments have changed the legal landscape. Applying the new impairment formula to the figures contained in the record before us, the Hollands' exemption is impaired by $256,305.03:

---

**3.** It is undisputed that Star Bank's judgment liens are a form of "judicial lien" as that term is defined under federal bankruptcy law. *See* 11 U.S.C. § 101(36) (" 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding").

| Sum of Liens and Exemption | Value of Debtor's Interest Absent Liens |
|---|---|
| $249,474.50 | $149,500 |
| 146,330.53 | |
| 10,000.00 | |
| $405,805.03 | |

See In re Silveira, 141 F.3d 34, 38 (1st Cir.1998) (exemption is impaired under § 522(f)(2)(A) to extent that liens and exemption exceed value of debtor's unencumbered estate). Under these figures, because the amount of the impairment exceeds the amount of Star Bank's liens sought to be avoided, the liens would be avoidable in full.[4]

Star Bank contends that the newly-enacted definition of impairment must be considered in context with § 522(f)'s pre-existing language referring to "an exemption to which the debtor would have been entitled under subsection (b) of this section." Under this language, it argues that the Hollands are not "entitled" to an exemption. While under *Dixon*, such an exemption was not considered impaired, it did not mean no recognized exemption existed. See *Dixon*, 885 F.2d at 329 ("Ohio homestead exemption authorizes a debtor to exempt from the bankruptcy proceedings an interest in a residence in an amount not to exceed $5,000"); see also *Moreland*, 21 F.3d at 106 ("in *Dixon*, there was no question that the debtor was entitled to a homestead exemption"). Rather, the *Dixon* court held that a homestead exemption was not "effective" until the circumstances described under Ohio Rev.Code Ann. § 2329.66(A)(1)(b) had occurred. 885 F.2d at 330. In *Moreland*, which was decided before the 1994 Amendments to the Bankruptcy Code, we applied *Dixon* and held that the debtor could not assert her homestead exemption and avoid a judgment lien until the events under Ohio Rev.Code Ann. § 2329.66(A)(1)(b) had occurred, i.e., a judicial sale or other form of involuntary execution. We recognized, however, that *Moreland* was "entitled to *claim* her $5,000 homestead exemption." 21 F.3d at 104 (emphasis added). We concluded Moreland was unable to "exercise" that entitlement, *id.*, however, until the occurrence of a "judicial sale or involuntary execution," *id.* at 107.[5] Congress' enactment of the 1994 Bankruptcy Code amendments, however, has created a federal definition of impairment, 11 U.S.C. § 522(f)(2)(A), and, in light of this explicit language, we no longer look to state law to define impairment.

In addition, this result is consistent with the purposes of federal bankruptcy law. As one bankruptcy court noted in holding that the 1994 Amendments rendered an Ohio creditor's judicial lien avoidable:

> One of the purposes of bankruptcy is to allow for the fair treatment of similarly situated creditors, thus preventing creditors' rights from being determined by a race to the courthouse. Another purpose is to provide the debtor with a fresh start. It cannot be disputed that if a judgment creditor [were] allowed to retain its lien on the real property of the debtor ... it [would] very likely be able to ascertain the payment of its debt that other creditors, otherwise similar to the judgment creditor, would not be able to obtain. Thus, the judgment creditor [would be] allowed to circumvent the treatment of other creditors under the Bankruptcy Code simply because it [had] raced to the courthouse, obtained a judgment, and placed a lien on the debtor's fully encumbered real property. Further, the debtor would probably be

---

4. Upon remand, the bankruptcy court may re-open the record to make current findings of the relevant figures, to take into account any changes in fair market value of the property or any other amounts.

5. In this same discussion, *Moreland* uses the unfortunate language "Moreland still would not have been entitled to her claimed homestead exemption as there was no judicial sale or involuntary execution pending." 21 F.3d at 107. In light of the opinion's earlier holding that "Moreland was entitled to claim" her exemption in filing for bankruptcy, *id.* at 104, we construe the court's later passage to mean Moreland would not have been entitled to exercise her claimed homestead exemption. *See id.* (issue on appeal is when Moreland "can properly exercise her entitlement to her homestead exemption"). Moreover, the *Moreland* court's comments regarding when Moreland could assert her exemption were prefaced with the language "[a]pplying the lien avoidance test enunciated in *Owen [v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 340 (1991)]," which was decided prior to the 1994 Bankruptcy Code amendments. 21 F.3d at 107.

precluded from ever gaining any equity in the property, therefore impairing his fresh start.

*In re Miller*, 198 B.R. 500, 505 (Bankr. N.D.Ohio 1996).

**REVERSED and REMANDED** for further proceedings consistent with this opinion.