**In re Anthony and Elvira FALVO, Debtors.**

**Frank TEDESCHI and Applied Concepts, Appellants,**

v.

**Anthony and Elvira FALVO, Appellees.**

**BAP No. 97–8106.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted Oct. 7, 1998.

Decided Dec. 9, 1998.

---

Joan Allyn Kodish, Joan Allyn Kodish Co., L.P.A., Cleveland, OH, for Appellants.

Susan M. Gray, Rocky River, OH, for Appellees.

Before LUNDIN, RHODES, and STOSBERG, Bankruptcy Appellate Panel Judges.

## OPINION

Appellants challenge on two grounds the bankruptcy court's order avoiding their judicial lien under 11 U.S.C. § 522(f). First, they argue that the bankruptcy court's factual determination regarding the value of the Debtors' residence was clearly erroneous. Second, they argue that because their lien does not impair the Debtors' homestead exemption, it was error to avoid the lien.

On the factual issue, the Panel concludes that the bankruptcy court's finding regarding the value of the residence is not clearly erroneous. On the legal issue, the Panel holds that under *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547 (6th Cir.1998), the bankruptcy court properly applied the statutory mathematical test to determine that the lien impaired the exemption. However, because the judicial lien only partially impairs the homestead exemption, the bankruptcy

court should not have avoided the entire lien. Accordingly, the order avoiding the lien is affirmed in part, vacated in part, and remanded.

## I. ISSUES ON APPEAL

There are two issues on appeal. The first is whether the bankruptcy court's factual finding regarding the fair market value of the Debtors' residence is clearly erroneous. The second is whether the Debtors may avoid the Appellants' judicial lien on their residence under 11 U.S.C. § 522(f).

## II. JURISDICTION AND STANDARD OF REVIEW

■ The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. The parties have consented to the transfer of this appeal to the BAP from the district court. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). The bankruptcy court's order permitting the lien avoidance is a final order because it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations omitted).

■■ The bankruptcy court's determination of the value of residential property is a finding of fact reviewed under the clearly erroneous standard. FED. R. BANKR.P. 8013; FED.R.CIV.P. 52. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Mathews*, 209 B.R. 218, 219 (6th Cir. BAP 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)); *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). The bankruptcy court's determination regarding the value of property is a factual finding.

■ Conclusions of law are reviewed de novo. *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994). De novo means deciding the issue as if it had not been heard before. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472. No deference is given to the trial court's conclusions of law. *Razavi v. Commissioner*, 74 F.3d 125 (6th Cir.1996).

## III. FACTS

On June 6, 1997, Anthony and Elvira Falvo filed a petition under Chapter 7. On August 12, 1997, Frank Tedeschi, a judgment lien creditor, filed a motion for relief from the stay in order to execute on his lien. The lien had been recorded against the Falvos' residence on February 25, 1997. The outstanding balance on the lien is $33,795.24 plus interest at 8% from September 1, 1994, and costs of $420. The property is also encumbered by a first mortgage of $102,000 and a second mortgage of $12,000.

On August 22, 1997, the Falvos responded to the motion for relief from the stay by filing a motion under 11 U.S.C. § 522(f) to avoid the judicial lien held by "Frank Tedeschi and/or Applied Concepts" (herein, "Tedeschi"). The Falvos claimed an exemption of $10,800 pursuant to Ohio Revised Code § 2329.66(A)(1) and (A)(18).

At the hearing on October 15, 1997, each party presented written evidence regarding the value of the property. After noting that the Falvos bore the burden of proof, the bankruptcy court valued the residence at $136,000. The bankruptcy court granted the Falvos' motion to avoid the lien and denied Tedeschi's motion for relief from the automatic stay. Tedeschi filed this appeal.

The Panel heard oral argument on the matter on May 6, 1998. At that time, the Panel held the matter in abeyance pending the decision of the Sixth Circuit Court of Appeals in *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547 (6th Cir.1998). The Sixth Circuit decided *Holland* on July 31, 1998. On August, 12, 1998, the Panel ordered the parties to file supplemental briefs in light of the Sixth Circuit's decision in *Holland* and those briefs were filed.

## IV. DISCUSSION

### A. The bankruptcy court's determination of the value of the property is not clearly erroneous.

■ The Falvos contended that the value of their home was $136,000. In support, they presented a written opinion from a real estate broker who gave three values: an "as is" value, a "quick sale" value, and a "repaired" value. A cover letter from the broker explained that he based his opinion on an examination of the home and on sales of comparable homes in the area. The broker did not testify at the hearing.

Tedeschi contended that value was $157,-760. In support, he presented certified copies from the Cuyahoga County Auditor's Department of residential sales on the same street as the Falvos' residence, along with a computation of fair market value based on the average value per square foot. Tedeschi did not present either an expert witness or a written opinion as to value, other than his own.

Neither party objected to proceeding on the basis of the written evidence submitted. Tedeschi did not object to the Falvos' evidence of value.

The bankruptcy court accepted the opinion of the real estate broker over Tedeschi's computation. In these circumstances, where neither party presented a certified appraisal on the property, it was entirely reasonable for the court to accept the broker's opinion over the creditor's personal opinion and calculations. The Panel is not left with the definite and firm conviction that the bankruptcy court erred in reaching that conclusion. The valuation of the residence at $136,-000 is not clearly erroneous and is affirmed.

### B. Under the 1994 amendments to § 522(f), execution on the debtor's property is no longer required to avoid an Ohio judicial lien.

■ The Sixth Circuit recently resolved a split among the bankruptcy and district courts on the issue whether under applicable Ohio exemption law, O.R.C. § 2329.66(A), judicial lien avoidance under 11 U.S.C.

§ 522(f), as amended in 1994, still requires an execution or some other forced disposition. *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547 (6th Cir.1998). Prior to *Holland*, two Sixth Circuit Court of Appeals cases held that the debtor's right to avoid a judicial lien under § 522(f) only arose in connection with an execution or some other forced disposition. *Resolution Trust Corp. v. Moreland (In re Moreland)*, 21 F.3d 102 (6th Cir.), *cert. denied*, 513 U.S. 956, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994); *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327 (6th Cir.1989).

In *Dixon*, the court of appeals held that because the Ohio homestead exemption is available only if there is execution, garnishment, attachment or sale to satisfy a judgment, a judicial lien can be avoided under § 522(f) only in those circumstances. *Dixon*, 885 F.2d at 329–30. After *Dixon*, in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the Supreme Court heard a similar issue regarding a Florida statute and held that Florida could not exclude certain liens from the bankruptcy code's lien avoidance provision, even though Florida did exclude the liens from its homestead exemption. *Id.* at 313–14, 111 S.Ct. 1833.

In *Moreland*, the Sixth Circuit reaffirmed its decision in *Dixon*, concluding that *Owen* was distinguishable:

> *Owen* is not dispositive of the situation presented in *Dixon* and in the present case. Operation of the Florida laws involved in *Owen* would have completely denied the debtor his homestead exemption, thereby eliminating any opportunity for avoiding the judgment lien. In contrast, the result in *Dixon* does not deny a debtor the opportunity to claim his homestead exemption and avoid a creditor's judgment lien; instead, *Dixon* defines the time at which such an exemption is available.

*Moreland*, 21 F.3d at 106.

In 1994, Congress amended the Bankruptcy Code. Section 303 of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, engrafted into § 522(f) a new, mathematically-based definition of impairment. In the legislative history accompany-

ing the 1994 Act, Congress specifically referred to *Dixon*, stating that "[b]y focusing on the dollar amount of the exemption and defining 'impairment,' the amendment should correct this problem." H.R. REP. 103–834, at 41–42 (1994); 140 CONG. REC. H10770 (Oct. 4, 1994).

Following the enactment of the Bankruptcy Reform Act of 1994, the bankruptcy and district courts in this circuit split on whether the 1994 amendments overturned *Moreland* and *Dixon*. Based on the legislative history, several courts determined that *Moreland* and *Dixon* were overturned. *See, e.g., In re Jakubowski*, 198 B.R. 262, 263 (Bankr.N.D.Ohio 1996); *In re Miller*, 198 B.R. 500, 503–04 (Bankr.N.D.Ohio 1996); *Higgins v. Closeout Distributors, Inc. (In re Higgins)*, 159 B.R. 212, 218 (S.D.Ohio 1993).

Other courts adhered to *Moreland* and *Dixon*, concluding that these binding precedents were not formally overturned. For example, the district court for the Southern District of Ohio concluded that "the 1994 Bankruptcy Code amendments do not permit the Debtors to avoid [the creditor's] judicial liens." *In re Holland*, 215 B.R. 861 (S.D.Ohio 1997), *rev'd*, 151 F.3d 547 (6th Cir.1998). The court held that due to the Sixth Circuit's conclusion that the Ohio homestead exemption is not applicable in the absence of a forced sale, the debtor was not yet entitled to the exemption. The court considered the debtor's argument that the statutory amendments overruled *Moreland*, but held that because the statute was not ambiguous, reference to legislative history was not appropriate. The court further held that the mathematical test in the statute was not applicable until the debtor became entitled to the exemption. Utilizing the plain meaning of the statute and Sixth Circuit precedent, the district court determined that § 522(f) could not be applied. *Id.* at 865.

The Sixth Circuit Court of Appeals reversed, holding that *Dixon* and *Moreland* were legislatively overturned by the 1994 amendments to the bankruptcy code. *Holland*, 151 F.3d at 550. The court of appeals observed that the legislative history accompanying the amendments specifically stated

an intent to overturn *Dixon.* *Id.* Under *Holland,* it is now the law in this circuit that § 522(f) can be used to avoid a judicial lien even in the absence of an execution or some other forced disposition of property.

In the present case, the bankruptcy court correctly relied on the legislative history to reach the conclusion "that although state law provides that execution on a lien is required to invoke the entitlement to an exemption, action that falls short of an execution sale is still sufficient to allow a debtor to avoid a lien." (Mem. Op. 10/15/97 at 5.) The bankruptcy court's opinion is consistent with the Sixth Circuit's decision in *Holland,* and is affirmed on this issue.

**C. In determining that the judicial lien impaired the Debtors' exemption, the bankruptcy court applied the proper mathematical calculation under § 522(f)(2); however, using this calculation, the lien is only partially avoided.**

■ Section 522(f) provides:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property **to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section,** if such lien is—

(A) a judicial lien, . . . .

.    .    .    .    .

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien,

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522. (emphasis added.)

The bankruptcy court applied this formula as follows:

| | |
|---|---|
| Judicial lien | $ 33,795.24 |
| Other liens | $114,000.00 |
| Exemption | $ 10,800.00 |
| Total | $158,595.24 |

The bankruptcy court then found that "the value of the subject property unencumbered is less than the value of the sum of all liens on the property and the applicable exemption entitlement." (Mem. Op. 10/17/97 at 6.) Under the statutory language, the bankruptcy court properly found that this sum ($158,595.24) exceeded the value that the debtor's interest in the property would have in the absence of any liens ($136,000). Thus the bankruptcy court correctly determined that Tedeschi's judicial lien impaired the Falvos' exemption under § 522(f).

The bankruptcy court further ordered the avoidance of the entire judicial lien. However, § 522(f) provides that a judicial lien may be avoided only "to the extent that" it impairs an exemption. The Panel concludes that in the circumstances of this case, the plain language of § 522(f) mandates only partial lien avoidance. The total of the two consensual liens plus the judicial lien and the exemption ($158,595.24) exceeds the value of the property ($136,000) by $22,595.24. Thus, Tedeschi's lien ($33,795.24) should be avoided and reduced to the extent of $22,595.24. The balance of Tedeschi's lien, in the amount of $11,200, is not avoided under § 522(f).

Several courts addressing § 522(f) after the 1994 amendments have determined that partial lien avoidance is appropriate in these circumstances and that full avoidance is inconsistent with the language and intent of the statute. *East Cambridge Sav. Bank v. Silveira (In re Silveira ),* 141 F.3d 34, 36 (1st Cir.1998) ("If Congress intended for the avoidance of judicial liens to be an 'all or nothing' matter, one might wonder why the provisions' drafters chose to use the connective phrase 'to the extent that,' in lieu of the word 'if,' which obviously would have been a simpler construction."); *FDIC v. Finn (In re Finn ),* 211 B.R. 780, 783 (1st Cir. BAP 1997) ("[W]e find that it would be inconsistent with the policy of exemptions to permit the Debtor–Appellee to avoid the lien in full despite the existence of non-exempt equity to which the lien could attach because the Debtor–

Appellee would in effect be getting an unlimited exemption."); *Corson v. Fidelity & Guaranty Ins. Co. (In re Corson),* 206 B.R. 17 (Bankr.D.Conn.1997); *In re Todd,* 194 B.R. 893 (Bankr.D.Mont.1996); *In re Moe,* 199 B.R. 737 (Bankr.D.Mont.1995).

The Falvos argue that the bankruptcy court properly avoided the entire lien because the lien impaired the exemption. Following the 1994 amendments, several cases have held that if the debtor has no equity in the property because the encumbrances exceed the value of the property, the judicial lien may be avoided in full. *In re Miller,* 198 B.R. 500, 505 (Bankr.N.D.Ohio 1996); *In re VanZant,* 210 B.R. 1011 (Bankr.S.D.Ill.1997); *Butler v. Southern O Corp. (In re Butler),* 196 B.R. 329 (Bankr.W.D.Va.1996); *In re Jakubowski,* 198 B.R. 262, 264–65 (Bankr. N.D.Ohio 1996); *Jones v. Mellon Bank, N.A. (In re Jones),* 183 B.R. 93 (Bankr.W.D.Pa. 1995). However, none of these decisions supports the Falvos' position because in each of those cases, unlike in this case, the total of the consensual liens and the debtor's exemption exceeded the value of the property and there was no equity to which the judicial lien could attach.

The distinction is explained in *VanZant:*

In adopting this expansive definition of 'impairment,' Congress established that when a debtor acts to avoid a judicial lien under § 522(f)(1)(A), the lien will survive only if, at the time of the bankruptcy filing, the debtor's property has sufficient value to satisfy all liens on the property including the judicial lien and, at the same time, give effect to the debtor's exemption in the property.

*VanZant,* 210 B.R. at 1014 (citing 4 COLLIER ON BANKRUPTCY ¶ 522.11[3], at 522–79 (Lawrence P. King et al. eds., 15th ed. Revised 1997)).

## V. CONCLUSION

The bankruptcy court's factual finding regarding the value of the Falvos' residence is not clearly erroneous and is **AFFIRMED.** The bankruptcy court properly determined that § 522(f) is applicable in the absence of an execution on the property and that the judicial lien impairs the Debtors' exemption.

However, because the homestead exemption is only partially impaired, the bankruptcy court erred in avoiding the entire lien. Accordingly, the portion of the bankruptcy court's order which avoids the lien in its entirety is **VACATED** and **REMANDED** for disposition consistent with this opinion.